**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Dakota Resource Council, ) | |
| ) | |
| Plaintiff, ) | **ORDER GRANTING MOTION TO** |
| ) | **INTERVENE** |
| vs. ) | |
| ) | |
| North Dakota Public Service Commission, ) | Case No. 1:12-cv-064 |
| ) | |
| Defendant. ) | |

Before the court is a Motion to Intervene filed by Secretary of the Interior Ken Salazar ("Secretary"), in his official capacity, on November 16, 2012. For the reasons that follow, the court grants the Secretary's motion to intervene as a matter of right.

## I. BACKGROUND

On May 30, 2012, plaintiff initiated what is styled as a citizens' suit under the Surface Mining Control and Reclamation Act of 1977 ("SMCRA"), 30 U.S.C. §§ 1201-1328. It claims that the North Dakota Public Service Commission ("NDPSC") unlawfully implemented changes to the State of North Dakota's regulatory program. It requests: (1) declaration from the court that the NDPSC is violating SMRCRA and its implementing federal regulations; (2) an order restraining the NDPSC from giving further effect to unapproved amendments to the State's regulatory program; and (3) recovery of its costs and expenses.

On November 16, 2012, the Secretary filed a motion for leave to intervene as a matter of right or, in the alternative, to intervene permissively. Plaintiff and the NDPSC have yet to file responses to the Secretary's Motion to Intervene. However, given that neither of them has filed a response to the Secretary's motion within the time prescribed by the local rules, their silence may be deemed an admission that the Secretary's motion is well taken. See D.N.D. Civ. L. R. 7.1(B) and (F).

## II.     DISCUSSION

Rule 24 of the Federal Rules of Civil Procedure provides that the court must permit anyone to intervene who:

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). It further provides that the court may permit anyone to intervene who: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).

SMCRA bestows upon the Secretary an unconditional right to intervene in this action. See 30 U.S.C. § 1270(c)(2) ("In such action under this section [30 U.S.C. § 1270], the Secretary, or the State regulatory authority, if not a party, may intervene as a matter of right."). The court is therefore obligated by Rule 24(a)(1) to permit the Secretary's intervention.

## III.    CONCLUSION

The court **GRANTS** the Secretary's Motion to Intervene (Docket No. 16). The Secretary shall have until December 21, 2012, to file an answer to plaintiff's complaint. In addition, although plaintiff and the NDPSC previously consented to the undersigned's handing of this matter, the case will remain assigned to Judge Hovland given the intervention of the Secretary.

**IT IS SO ORDERED.**

Dated this 12th day of December, 2012.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court
